IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KRISTINA GENTRY, | ) | CASE NO. 1:17 CV 1182 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **MEMORANDUM OPINION & ORDER** |
| | ) | |
| Defendant. | ) | |

## Introduction

Before me[1] is an action by Kristina Gentry under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income.[2] The Commissioner has answered[3] and filed the transcript of the administrative record.[4] Under my initial[5] and procedural[6] orders, the parties have briefed their positions[7] and filed

---

[1] ECF No. 14. The parties have consented to my exercise of jurisdiction.
[2] ECF No. 1.
[3] ECF No. 10.
[4] ECF No. 11.
[5] ECF No. 5.
[6] ECF No. 13.
[7] ECF No. 20 (Commissioner's brief); ECF No. 18 (Gentry's brief).

supplemental charts[8] and the fact sheet.[9] They have participated in a telephonic oral argument.[10]

For the reasons set forth below, the decision of the Commissioner will be reversed and remanded for further administrative proceedings.

## Facts

**A.    Background facts and decision of the Administrative Law Judge ("ALJ")**

Gentry, who was 37 years old at the time of the administrative hearing,[11] has a GED and attended some college.[12] Her past relevant employment history includes work as a bartender.[13]

The ALJ, whose decision became the final decision of the Commissioner, found that Gentry had the following severe impairments: migraines; degenerative disc disease; obesity; inflammatory arthritis; fibrositis; affective disorders; anxiety disorder; and personality disorders.[14]

After concluding that the relevant impairments did not meet or equal a listing, the ALJ found Gentry had the residual functional capacity ("RFC") to perform light work as

---

[8] ECF No. 20, Attachment 1 (Commissioner's charts); ECF No. 18, Attachment 1 (Gentry's charts).
[9] ECF No. 17 (Gentry's fact sheet).
[10] ECF No. 22.
[11] ECF No. 11, Transcript ("Tr.") at 80.
[12] *Id.*
[13] *Id.* at 63.
[14] *Id.* at 53.

2

defined in the regulations, with additional limitations.[15] The ALJ decided that this residual functional capacity precluded Gentry from performing her past relevant work as a bartender.[16]

Based on testimony by the vocational expert ("VE") at the hearing, the ALJ determined that a significant number of jobs existed nationally that Gentry could perform.[17] The ALJ, therefore, found Gentry not under a disability.[18]

**B.     Issues on judicial review**

Gentry asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Gentry presents the following issues for judicial review:

- Whether substantial evidence supports the ALJ's determination regarding Gentry's RFC.

- Whether the ALJ properly evaluated and weighed the opinion of Gentry's treating rheumatologist.

- Whether the ALJ erred in assigning great weight to the opinions of the Commissioner's reviewing, non-examining physicians.[19]

---

[15] *Id.* at 57.
[16] *Id.* at 63.
[17] *Id.* at 64.
[18] *Id.* at 65.
[19] ECF No. 18 at 1.

3

For the reasons that follow, I will conclude that the ALJ's finding of no disability is not supported by substantial evidence and, therefore, must be reversed and remanded for further administrative proceedings.

## Analysis

**A. Applicable legal principles**

*1. Substantial evidence*

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . ." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[20]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner

---

[20] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

survives "a directed verdict" and wins.[21] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[22]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

*2.  Treating physician rule and good reasons requirement*

The Sixth Circuit in *Gayheart v. Commissioner of Social Security*[23] emphasized that the regulations require two distinct analyses in evaluating the opinions of treating sources.[24] The *Gayheart* decision directed that the ALJ must first determine if the opinion must receive controlling weight as well-supported by clinical and laboratory techniques and as not inconsistent with other evidence in the administrative record.[25] If the ALJ decides not to give the opinion controlling weight, then a rebuttable presumption exists that the treating physician's opinion should receive great deference.[26] This presumption may be rebutted

---

[21] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).
[22] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).
[23] *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365 (6th Cir. 2013).
[24] *Id.* at 375-76.
[25] *Id.* at 376.
[26] *Rogers*, 486 F.3d at 242.

by application of the factors set forth in 20 C.F.R. §§ 404.1527(c)(2)(i)-(ii), (3)-(6).[27] The Court cautioned against collapsing these two distinct analyses into one.[28]

Despite the seemingly clear mandate of *Gayheart*, the Sixth Circuit in later decisions has adopted an approach that permits these two separate analyses to be merged into one so long as the ALJ states "good reasons" for the weight assigned applying the regulatory factors governing each analytical step.[29]

An ALJ cannot avoid reversal by merely citing exhibits in the record that might support her findings without discussing the content of those exhibits and explaining how that content provides support.[30] Nor can counsel for the Commissioner save a decision from reversal by citing to evidence in the record not cited and adequately discussed by the ALJ.[31] It is for the ALJ, not the court or Commissioner's counsel, to "build a logical bridge from the evidence to the conclusion."[32] "Put simply, . . . there must be some effort

---

[27] *Gayheart*, 710 F.3d at 376. I note that the regulations for both disability insurance benefits and supplemental security income mirror each other and will be used interchangeably throughout this opinion.
[28] *Id.*
[29] *E.g., Biestek v. Comm. of Soc. Sec.*, 880 F.3d 778, 785 (6th Cir. 2017).
[30] *Smith v. Comm'r of Soc. Sec.*, No. 5:13 CV 870, 2104 WL 1944247, at *7 (N.D. Ohio May 14, 2014).
[31] *Sharp v. Comm'r of Soc. Sec.*, No. 1:14-cv-523, 2015 WL 3545251 (S.D. Ohio June 4, 2015) (citing *Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 524 (6th Cir. 2014)), *report and recommendation adopted by* 2015 WL 3952331 (S.D. Ohio June 29, 2015).
[32] *Hale v. Colvin*, No. 3:13cv182, 2014 WL 868124, *8 (S.D. Ohio March 5, 2014).

. . . to explain why it is the treating physician's conclusion that gets the short end of the stick."[33]

**B.     Application of legal principles**

This case presents four issues for decision:

(1) The ALJ gave Gentry's rheumatologist's opinion little weight. This opinion consisted of a handwritten note on a prescription pad stating that Gentry was totally disabled and giving no limitations imposed by her rheumatoid arthritis. Does substantial evidence support the weight given to this opinion?

(2) The ALJ substantially adopted the state agency reviewing sources' opinions – issued in 2014 – as the RFC. Gentry continued to treat for her impairments in 2015, and those treatment notes, evidencing some worsening of her impairments, appear in the record. The ALJ acknowledged and discussed those records, but nevertheless adopted an RFC consistent with the 2014 state agency reviewing sources' opinions. Did the ALJ commit reversible error by relying on the outdated opinions in light of medical evidence showing worsening of Gentry's condition?

(3) The ALJ gave great weight to the opinion of a state agency reviewing psychologist but did not include in the RFC his limitation to "superficial contact" with others. The ALJ provided no explanation for this omission. Nor did the ALJ include the limitation in a hypothetical to the VE. Does substantial evidence support the exclusion of the superficial contact from the RFC?

(4) The ALJ did not include a limitation in the RFC for the use of a cane even though the record shows a prescription for one and Gentry's use of the cane. Inclusion of the cane in the RFC would eliminate "light" jobs. The VE testified that only the security monitor job would exist at sedentary. Does substantial evidence support the exclusion of a cane limitation from the RFC? Would substantial evidence support the no disability decision if the RFC included a cane limitation?

I will address each of these arguments in turn.

---

[33] *Friend* v. *Comm'r of Soc. Sec.*, 375 F. App'x 543, 552 (6th Cir. 2010).

7

*1.     Treating rheumatologist's "opinion"*

Dr. Robert Perhala, Gentry's treating rheumatologist, jotted down the following on a prescription pad in July 2015:

> To Whom It May Concern
>
> Ms. Gentry is totally disabled from her severe rheumatoid arthritis and she is incapable of any work indefinitely.[34]

Even assuming such a conclusory note qualifies as a treating source opinion for purposes of *Wilson/Gayheart* analysis, the ALJ gave good reasons for discounting Dr. Perhala's statement. As the ALJ properly stated, this conclusory single sentence contains no functional limitations and the determination of whether a person is disabled is one reserved to the Commissioner.[35] The ALJ did not err in discounting Dr. Perhala's July 2015 statement.

*2.     Reliance on outdated state agency reviewing source opinions*

The real issue in this case is the ALJ's reliance on dated state agency reviewing source opinions in formulating the RFC. During the period post-dating the state agency reviewing source opinions, Gentry continued to treat with specialists who generated notes documenting worsening in her condition. *A fortiori*, the ALJ analyzed these notes and concluded that her impairments as documented in those notes did not warrant limitations greater than those opined by the state agency reviewing sources.

---

[34] Tr. at 1722.
[35] *Id.* at 62.

The parties devoted much of their briefs and their discussion at oral argument to whether an ALJ must rely on a medical opinion in formulating the RFC. The recent comprehensive case review conducted by Magistrate Judge Patti in the Eastern District of Michigan on this issue, and his resulting analysis, is particularly apt and instructive:

> The Court, therefore, is left with a multitude of consistent, reported and unreported cases holding that it is in error for the ALJ to formulate an RFC without the benefit of *any opinion evidence* and an unreported, non-binding Sixth Circuit case which is somewhat at odds with this conclusion. The reasoning in *Rudd*[36] is persuasive—the social security statute does not contemplate a bright line rule requiring the ALJ to base his or her RFC finding on a physician's opinion. For example, as discussed by Defendant at the hearing, 20 C.F.R. § 404.1527(d) provides that the final responsibility for deciding issues such as the claimant's residual functional capacity is reserved to the Commissioner. However, the district court cases cited above also do not require the ALJ to entirely base his or her RFC finding on the opinion of a physician—they require the ALJ's RFC assessment be supported by substantial evidence and not merely on the ALJ's own medical interpretation of the record.[37]

The Sixth Circuit case cited by the Commissioner post-dating Judge Patti's analysis does not alter his reasoning. In *Shepard v. Commissioner of Social Security*,[38] the Sixth Circuit reiterated its reasoning in *Rudd*—however, *Shepard* appears to be a case where the medical evidence showed "relatively little physical impairment, such that the ALJ can make a commonsense judgment about Plaintiff's functional capacity":[39]

---

[36] *Rudd v. Comm'r of Soc. Sec.*, 531 Fed. App'x 719 (6th Cir. 2013).
[37] *Gross v. Comm'r of Soc. Sec.*, 247 F. Supp. 3d 824, 829 (E.D. Mich. 2017).
[38] *Shepard v. Comm'r of Soc. Sec.*, 705 Fed. App'x 435 (6th Cir. 2017).
[39] *Gross*, 247 F. Supp. 3d at 830.

9

- Shepard's treatment during the relevant period was generally conservative, consisting largely of pain medication, and the treatment was generally effective.

- Shepard reported a significant improvement in her pain with medication, and at one point told her physician the "pain relief was adequate."

- Objective medical testing close in time to the relevant time period showed "only mild abnormalities."

- Immediately before the relevant period Shepard "had 'full[y] active abduction and forward flexion and internal rotation was equal bilaterally.'"

- The conflicting evidence Shepard cited to the court supported the ALJ's limitations on Shepard's ability to perform light work.

- Shepard's testimony and the opinion evidence in the record also supported the ALJ's RFC limitations.[40]

The state agency reviewing sources issued their opinions regarding Gentry's limitations on reconsideration in December 2014.[41] But Gentry continued to treat with Dr. Perhala and others after that period, and as noted the treatment notes into 2016 reflect a worsening of her impairments.[42] As a result, the functional limitations opined by the state agency reviewing sources and substantially adopted by the ALJ fail to take into account significant medical evidence. Nor is this a case like *Rudd*, given the nature of Gentry's impairments and the medical evidence of record, where the medical evidence shows

---

[40] *Shepard*, 705 Fed. App'x at 442.
[41] Tr. at 174-213.
[42] *See, e.g., id.* at 1483-86, 1493, 1497, 1553, 1557, 1566-69, 1676-77, 1691-92, 1726-27, 1739-41, 1755-57, 1831, 1833, 1846, 1874-75, 2004-05.

relatively little physical impairment such that the ALJ can make a commonsense judgment about Gentry's functional capacity.

To echo our sister court, "the ALJ could have solicited the opinion of a medical expert,[43] ordered an additional consultative exam, or sent the MRIs, surgical records, and other records back to [the state agency reviewing physician] for an updated assessment. However, no such steps were taken."[44] Instead, the ALJ based Gentry's RFC on her own interpretation of the raw medical evidence of record from January 2015 onward.[45]

The ALJ's decision to adopt an outdated RFC on the record here is unsupported by substantial evidence. Remand is required for redetermination of Gentry's RFC. "If necessary, the ALJ may utilize any of the tools provided in the regulations for ordering additional opinion evidence."[46]

Because redetermination of Gentry's RFC is required, I do not reach Gentry's remaining two arguments regarding the RFC. In determining the RFC on remand, the ALJ should consider Gentry's use of a cane and the necessity of Gentry having only superficial contact with others.

---

[43] Significantly, in *Rudd* a psychological expert testified at the hearing. *Rudd*, 531 Fed. App'x at 722.
[44] *Mitsoff*, 940 F. Supp. 2d 693, 702 (S.D. Ohio 2013).
[45] *Id.* at 703.
[46] *Gross*, 247 F. Supp. 3d at 830-31 (citing to 20 C.F.R. §§ 404.1512(b)(2) and 404.1520b(c)).

## Conclusion

Substantial evidence does not support the finding of the Commissioner that Gentry had no disability.  Accordingly, the decision of the Commissioner denying Gentry disability insurance benefits and supplemental security income is reversed and remanded for redetermination of Gentry's RFC.

IT IS SO ORDERED.

Dated:  September 10, 2018  <u>s/ William H. Baughman, Jr.</u>
United States Magistrate Judge